

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-4657
Re: Article 666-25a, Vernon's Annotated Texas Penal Code - Package store permits - Liquor may not be sold within 300 feet of church according to statutory measurement.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The question has arisen as to which we would appreciate your opinion for the uniform guidance of all persons concerned:

"An incorporated city has duly adopted an ordinance prohibiting the sale of alcoholic beverages within 300 feet of any church, public school, or public hospital, under the provisions of Section 25 (a), Article I of the Texas Liquor Control Act. A package store owner has obtained a permit and exercised the privilege thereunder at a given location in the city. After obtaining such permit and its continued use for a considerable period of time, a religious organization leases a certain building which before such time had been used for other purposes than that of a church. The building is situated within less than 300 feet of the package store, according to the prescribed methods of measurement, and is converted into and then used as a church. Under such statements of facts:

"1. Would it immediately become unlawful to sell liquor at the package store as and when

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Bert Ford, Page 2

the newly-acquired premise has been used as a church, or

"2. In the event the permittee has any previously-acquired rights, would he legally be entitled to renewal of his permit if the aforementioned building continues to be used as a church, as and when the existing permit expires under its own terms at the end of the permit year."

Article 666-25a, Vernon's Annotated Texas Penal Code, reads as follows:

"The Commissioners' Court of any county in the territory thereof outside incorporated cities and towns and the governing authorities of any city or town within the corporate limits of any such city or town may prohibit the sale of alcoholic beverages by any dealer where the place of business of any such dealer is within three hundred (300) feet of any church, public school or public hospital, the measurements to be along the property lines of the street fronts and from front door to front door and in direct line across intersections where they occur."

The case of Bradley v. Texas Liquor Control Board, 108 S. W. (2d) 300, holds that a permittee or licensee under the Texas Liquor Control Act has no vested right to sell liquor, but has a mere temporary privilege of selling liquor in accordance with the terms of the act, and accepts his permit or license subject to the authority of the Board to cancel it for any violation of the statute or any regulation promulgated by the Board under the authority of the act.

We quote from the case of Texas Liquor Control Board v. Cannon, 147 S. W. (2d) 929, as follows:

"That a medicinal permit to sell and dispense liquor for medical purposes does not constitute a property right, but is a purely personal privilege, revocable for causes stated in the act - to which the holder of the permit assents by accepting it - is not only one of the specific provisions of the

act, but is sanctioned by a well establish-
ed rule of decisions in this State and other
states, such as State of Texas v. DeSilva,
105 Tex. 95, 145 S. W. 330; Bradley v. Texas
Liquor Control Board, Tex. Civ. App., 108
S. W. 2d 300; Connell v. Texas Liquor Con-
trol Board, Tex. Civ. App., 142 S. W. 2d 732;
37 C. J., para. 100, page 243. . . ."

The case of Caserta v. Mills, 28 F. (2d) 637,
held that a permittee had no vested right in an alcohol
permit, but held it on limitations created by statute.

Where a city enacts a valid ordinance prohibit-
ing the sale of alcoholic beverages within 300 feet of any
church, public school or public hospital (according to the
statutory method of measurement), under the provisions of
Article 666-25a, V. A. T. P. C., such sale immediately be-
comes unlawful. If a dealer makes such an unlawful sale
his license would be subject to revocation by the Texas
Liquor Control Board.

We assume from your letter that the building and
premises described in your letter are used by a bona fide
religious organization as a church. If this be true, we
answer your first question in the affirmative.

Having answered your first question in the affir-
mative, it becomes unnecessary to answer your second ques-
tion.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED JUL 3, 1942

ATTORNEY GENERAL OF TEXAS

WJF:OO



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN